**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                  )
LOUIS VINCE,                      )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     Civil Action No. 10-88 (RWR)
                                  )
RAYMOND MABUS, JR.,               )
                                  )
          Defendant.              )
_____)

<u>MEMORANDUM OPINION</u>

Plaintiff Louis Morgan Vince brings this action against the Secretary of the Navy seeking judicial review under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), claiming that the actions of the Board for Correction of Naval Records ("the Board") in denying his petition to upgrade the characterization of his discharge from the United States Marine Corps Reserves were arbitrary and capricious.  The Secretary has moved for summary judgment.  Because the administrative record supports the Board's determination, the Secretary's motion will be granted.

<u>BACKGROUND</u>

Vince enlisted in the United States Marine Corps Reserves ("USMCR") on December 12, 1994.  (Compl. ¶ 6.)  When Vince joined the Reserve Optional Enlistment Program, he agreed to serve six years of active duty and two years of inactive duty.  (Def.'s Mot. for Summ. J., A.R. at 55.)  Vince's active service agreement required "attendance at and satisfactory performance of forty-

-2-

eight (48) scheduled drills . . . and not less than fourteen (14) days . . . of active duty for training during each year of [his] contract.  (Id.)  His signed enlistment agreement also stated that "failure to attend drills and training periods could result in a less than honorable discharge."  (Id.)

Vince completed his initial active duty for training (A.R. at 86), and for a period from 1995 to 1997, Vince completed his required drills at bases in Illinois and California.  (Compl. ¶ 10.)  However, in August 1997, Vince's wife was diagnosed with cancer.  (Compl. ¶ 11.)  Vince alleged that he requested leniency from his commanding officers regarding his required drills, but that his command was unwilling to accommodate him.  (Compl. ¶ 13, Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. at 4.)  Vince subsequently began missing drills in order to take his wife to her weekly chemotherapy sessions.  (Compl. ¶ 14.)  In October 2007, Vince signed a form from his command confirming that he had received counseling regarding his unauthorized absences and that he knew that failure to take corrective action could result in administrative separation.  (A.R. at 47.)  On that same form, Vince twice circled the option denoting his choice "not to make a [rebuttal] statement."  (Id.)

Vince continued to miss required drills in 1998, and he accumulated twenty-five unexcused absences.  (A.R. at 47-48.)  As a result, Vince's commanding officer initiated separation

-3-

proceedings.  (Id. at 48.)  When the commanding officer initiated
those proceedings, Vince was not present at the drill period to
accept any counseling, make a statement, or sign the entry.
(Id.)  A representative of Vince's commanding officer served
Vince by certified mail with a Notice of Separation Proceedings,
but all the documents informing Vince of his rights to a hearing
and his option to waive those rights were returned to the command
after they were not accepted.  (Id. at 191-93, 196, 197.)  On
December 14, 1998, Vince was administratively separated from the
USMCR (id. at 88), and the characterization of his service was
"Under Other Than Honorable Conditions."  (Id. at 26.)  That
characterization now hinders Vince from advancing in his current
career with the Los Angeles Police Department.  (Id.)

     Nine years after his separation from the USMCR, Vince
received a copy of his military personnel records.  (Compl.
¶ 16.)  Shortly thereafter, Vince filed a request seeking
correction of his military records in the form of a discharge
upgrade.  (Compl. ¶ 17, A.R. at 35.)  The Board for Correction of
Naval Records ("the Board") may correct a record when it
identifies an error or an injustice in the record.  32 C.F.R.
§ 723.2.  In his request, Vince asserted that (1) he missed
drills in order to care for his wife who was undergoing cancer
treatment at the time (A.R. at 24), (2) the separation process
was improper because he was never afforded an opportunity to

-4-

speak on his behalf nor does there exist a separation letter in
his file (id. at 25-26), and (3) he should receive clemency from
the USMCR because he continues to protect and serve the country
as a law enforcement officer in Los Angeles.  (Id. at 26-27.)
Based on the evidence Vince presented to it, the Board denied
Vince's request for re-characterization of his military record.
(Id. at 14-15.)  The Board issued a two-page letter which stated
its decision and explained that although some of the text in
Vince's military record was illegible, it could read enough of
the entries to determine that Vince was on notice of his
requirements for satisfactory participation, that he did not
respond to warnings of the possible consequences of his
unsatisfactory performance, that a military lawyer reviewed a
separation package, and that the characterization of his
discharge was normal in cases such as this.  (Id.)  The letter
also stated that missing drills in order to care for his ailing
wife was not sufficient to warrant re-characterization of his
discharge given the three years of unsatisfactory participation.
(Id. at 15.)

     When Vince received the Board's adverse decision, he
petitioned for reconsideration.  (Id. at 8.)  He asserted that
the Board's decision was arbitrary and capricious for the same
reasons he stated in his original request and because the Board
based its decision on a file of military records that were

-5-

incomplete and partly illegible.  (<u>Id.</u> at 8-12.)  In response,

the Board denied Vince's application for reconsideration,

explaining that he failed to submit any new material evidence

with his application that would warrant a different decision.

(<u>Id.</u> at 4.)  Vince then filed this action seeking a judgment that

the Board's actions to deny him a re-characterization of his

military record were arbitrary and capricious.

DISCUSSION

The Secretary of a military department, acting through a

civilian board, "may correct any military record of the

Secretary's department when the Secretary considers it necessary

to correct an error or remove an injustice."  10 U.S.C.

§ 1552(a)(1).  Once a civilian board makes a final decision, its

decision is "subject to judicial review under § 706 of the

Administrative Procedure Act."  <u>Pettiford v. Sec'y of the Navy</u>,

774 F. Supp. 2d 173, 181 (D.D.C. 2011); <u>see also</u> <u>Frizelle v.</u>

<u>Slater</u>, 111 F.3d 172, 176 (D.C. Cir. 1997).  Under 5 U.S.C.

§ 706(2)(A), a "reviewing court shall hold unlawful and set aside

agency action . . . found to be arbitrary, capricious, an abuse

of discretion, or otherwise not in accordance with law."

When reviewing a decision under the APA, the court does not

resolve factual issues.  <u>James Madison Ltd. by Hecht v. Ludwig</u>,

82 F.3d 1085, 1096 (D.C. Cir. 1996); <u>Fuller v. Winter</u>, 538 F.

Supp. 2d 179, 185 (D.D.C. 2008).  Rather, a court determines

-6-

"whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." Fuller, 538 F. Supp. 2d at 185 (quoting Occidental Eng'g Co. v. INS, 753 F.2d 766, 769-70 (9th Cir. 1985)). The reviewing court approaches the agency's decision with deference, mindful that "[t]he scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983); City of Santa Monica v. FAA, 631 F.3d 550, 554 (D.C. Cir. 2011). The court should review an agency's explanation for its action, seeking a "rational connection between the facts found and the choice made." State Farm, 463 U.S. at 43 (quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962)). The arbitrary and capricious standard requires an agency to "examine the relevant data and articulate a satisfactory explanation for its action[,]" Alpharma, Inc. v. Leavitt, 460 F.3d 1, 6 (D.C. Cir. 2006) (citing State Farm, 463 U.S. at 43), and "cogently explain why it has exercised its discretion in a given manner." State Farm, 463 U.S. at 48.

Given the language of 10 U.S.C. § 1552(a), federal courts review the decisions of military correction boards with "an unusually deferential application of the [APA] 'arbitrary or capricious' standard." Kreis v. Sec'y of Air Force, 866 F.2d

-7-

1508, 1514 (D.C. Cir. 1989) (noting that the 10 U.S.C. 1552(a) language authorizing the Secretary to correct an error or injustice "when he considers it necessary" gives the Secretary broad discretion, thereby restricting the reviewing court's authority to upset the Secretary's determination). Furthermore, there exists a "strong but rebuttable presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." Frizelle, 111 F.3d at 177 (quoting Collins v. United States, 24 Cl. Ct. 32, 38 (1991), aff'd, 975 F.2d 869 (Fed. Cir. 1992)).

Ordinarily, summary judgment would be appropriate when a court finds that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, when parties seek "review of a final agency action under the Administrative Procedure Act, 5 U.S.C. 706, . . . the standard set forth in [Rule 56(a)] does not apply because of the limited role of a court in reviewing the administrative record." Calloway v. Harvey, 590 F. Supp. 2d 29, 35-36 (D.D.C. 2008) (quoting Sierra Club v. Mainella, 459 F. Supp. 2d 76, 89-90 (D.D.C. 2006)). Therefore, "summary judgment [is] the mechanism for deciding, as a matter of law, whether agency action is supported by the administrative record and otherwise consistent with the APA standard of review." Fuller, 538 F. Supp. 2d at 185 (citing Richard v. INS, 554 F.2d 1173,

-8-

1177 & n.28 (D.C. Cir. 1977)).  When reviewing an agency's final action under the APA, the court is strictly limited to the administrative record, which "includes all materials 'compiled' by the agency . . . that were 'before the agency at the time the decision was made.'"  James Madison, 82 F.3d at 1095 (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 419 (1971); Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981); see also 5 U.S.C. § 706 ("[The reviewing] court shall review the whole record or those parts of it cited by a party.").

An agency's final decision may be rendered arbitrary and capricious if it is not accompanied by "a reason that a court can measure" with respect to each of the claimant's arguments. Fuller, 538 F. Supp. 2d at 192 (quoting Frizelle, 111 F.3d at 177) (internal citations omitted).  In Fuller v. Winter, for example, the court found the Secretary of the Navy's decision to deny a former Lieutenant Commander's administrative request for correction of his naval records arbitrary and capricious because the Secretary did not explain his reasoning or address contrary arguments when he denied Fuller's request.  Fuller, 538 F. Supp. 2d at 192-93.  In that case, the Board for Correction of Military Records had reviewed the petitioner's arguments, stated its reasons for its recommendation to grant his request, and then forwarded its report and recommendation to the Secretary.  Id. at

-9-

184.   The Secretary disagreed with the Board's recommendation,
and he issued a brief memorandum denying the petitioner relief,
but absent from that memorandum was any discussion of the
military law arguments Fuller had asserted in his request.   Id.
at 191.   Because an agency such as the Board is required to
adhere to its own regulations during its decision-making
processes, the Secretary's failure to expressly address the
petitioner's argument rendered the decision arbitrary and
capricious.   Id.

Here, Vince asserted three arguments to the Board when he
requested correction of his military record: (1) Vince's military
file does not have a copy of a separation letter, therefore his
discharge was both improper and void; (2) the Board should grant
his upgrade request because he was tending to a family crisis
when he failed to drill; and (3) the Board should grant him
clemency so that he can move up the ranks of the Los Angeles
Police Department.  (A.R. at 32-34.)   In its letter to Vince
denying his request, the Board addressed all three arguments.

First, the Board pointed to records in Vince's file that
show his administrative separation from the USMCR.  (Id. at 14).
The Board refers to an entry showing that his separation package
was reviewed by a military lawyer and a computer print out with
Vince's discharge date of December 14, 1988.  (Id.)   The Board
also notes evidence of numerous letters that were sent to Vince

-10-

informing him of his unsatisfactory participation.  (Id.)  The

administrative record includes evidence that Vince's commanding

officers tried to reach him by phone, but the calls and messages

went unanswered.  (Id. at 221, 225.)  At times, the commanding

officer was even hung up on.  (Id. at 225.)  In addition,

evidence in the administrative record shows that the USMCR

attempted to notify Vince of his separation proceedings by mail,

but the package was not accepted.  (Id. at 197.)

Second, the Board addressed Vince's equity and clemency

arguments in one paragraph together, and it stated that it

"carefully weighed all potentially mitigating factors . . .

[including] illness in [his] family," but these factors were not

sufficient to warrant re-characterization of his discharge given

three years of unsatisfactory participation.  (Id. at 15.)  The

Board's decision addresses all of Vince's arguments and gives the

Board's reasons for its ultimate conclusion.  To overcome the

"strong but rebuttable presumption that administrators of the

military, like other public officers, discharge their duties

correctly, lawfully, and in good faith," Frizelle, 111 F.3d at

177, it is Vince's burden to put forth substantial evidence that

places the reasonableness of the Board's actions in doubt.  Vince

argues that the Board's reliance on an incomplete record to

address his arguments was improper, but fails to rebut the

material that does exist in the record, discussed above, that

-11-

supports the Board's determination that the discharge he received
was warranted.  In light of the ample documented instances of
Vince's unsatisfactory performance, the administrative record
sufficed to support the Board's decision and it will not be set
aside.

CONCLUSION

For the reasons above, summary judgment will be entered in
favor of the defendant.  An appropriate order accompanies this
memorandum opinion.

SIGNED this 31st day of March, 2012.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge